**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

CAROL H. HOWARD,
        Appellant,

      v.

DEPARTMENT OF JUSTICE,
        Agency.

DOCKET NUMBER
SF-1221-15-0609-B-1

DATE: June 7, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Yolanda Flores-Burt, Esquire, Hesperia, California, for the appellant.

Stuart Bauch, Esquire, Stockton, California, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the remand initial decision, which denied her request for corrective action in this individual right of action (IRA) appeal. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact;

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to VACATE the administrative judge's alternative finding that the agency proved by clear and convincing evidence that it would have taken the same action in the absence of the alleged disclosures or activities, we AFFIRM the initial decision.

¶2 The appellant filed this IRA appeal, concerning her July 2014 removal for physical inability to perform the duties of her Correctional Treatment Specialist position. *Howard v. Department of Justice*, MSPB Docket No. SF-1221-15-0609-W-1, Initial Appeal File (IAF), Tab 1. After developing the record and holding the requested hearing, the administrative judge denied the appellant's request for corrective action. IAF, Tab 36, Initial Decision (ID). In doing so, his decision addressed only one disclosure–that her facility was utilizing unlicensed psychologists. ID at 9, 11. While the administrative judge found that the appellant presented a prima facie case of whistleblower retaliation, he also found that the agency met its burden of proving that it would have taken the same action in the absence of the disclosure. ID at 11-23.

¶3 On review, the Board vacated the initial decision and remanded for further adjudication. *Howard v. Department of Justice*, MSPB Docket No. SF-1221-15-0609-W-1, Remand Order (RO) (Sept. 9, 2016). The Board found that the administrative judge failed to address all of the disclosures or activities the

appellant identified as motivating her removal. RO, ¶¶ 8-12. The remand order identified the appellant's disclosures or activities as follows:

1. The lack of a RESOLVE program, allegedly in violation of the agency's guidelines;

2. All full-time psychology services were vacated at the camp and staff were called into work on an as-needed basis, allegedly to save costs so that the executive staff could receive bonuses;

3. An inmate was not treated appropriately by the Chief of Psychology after she alleged she had been threatened by other inmates;

4. Reprisal for allegations of discrimination that she raised in 2014 on behalf of herself and others in her role as a union representative, and reprisal for her own equal employment opportunity (EEO) complaints;

5. A particular employee had a degree in philosophy, not psychology, but was permitted to practice on inmates, which was illegal and harmful; and

6. The agency hired unlicensed psychologists to practice on inmates.

RO, ¶¶ 9-10.

¶4    On remand, the administrative judge further developed the record, without holding an additional hearing, then, once again denied the appellant's request for corrective action. *Howard v. Department of Justice*, MSPB Docket No. SF-1221-15-0609-B-1, Remand Appeal File (RAF), Tab 19, Remand Initial Decision (RID). The appellant has filed a petition for review. Remand Petition for Review (RPFR) File, Tab 1 at 4-18.

The administrative judge did not improperly deny the appellant a remand hearing.

¶5    As an initial matter, the appellant argues that the administrative judge improperly denied her the opportunity to hold another hearing during the remand proceedings. *E.g.*, RPFR File, Tab 1 at 4. However, despite the appellant's suggestion to the contrary, our remand order did not require a hearing—it instructed the administrative judge to determine if additional hearing testimony was necessary. RO, ¶ 13. The administrative judge followed that instruction and afforded the parties the opportunity to explain whether additional hearing

testimony was needed. RAF, Tab 8 at 3. Although the appellant responded by indicating that she did wish to elicit additional testimony, the administrative judge was not persuaded that it was necessary. RAF, Tab 9 at 5, Tab 12 at 1. The appellant did not, for example, allege that the initial hearing was improperly limited to the sole disclosure addressed in the initial decision, such that additional testimony would be required to develop the other disclosures and activities we identified in our remand order. And while we reviewed both the prehearing summary and hearing transcript from the original proceedings, we found no such limitations. IAF, Tab 29, Tab 35, Hearing Recording; Hearing Transcript (HT). It appears that the administrative judge's initial hearing in this case afforded the appellant the latitude to develop any disclosure or activity she wished. *E.g*., HT at 45-46. Therefore, we find no impropriety in the administrative judge's decision to hold no additional hearing.

<ins>The appellant failed to meet her burden of proving that she made a protected disclosure or engaged in protected activity relevant to this IRA appeal.</ins>

¶6        Turning to the substance of the instant appeal, the Board has jurisdiction over an IRA appeal if the appellant exhausts her administrative remedies before the Office of Special Counsel (OSC) and makes nonfrivolous allegations that: (1) she made a disclosure described under 5 U.S.C. § 2302(b)(8), or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a). 5 U.S.C. §§ 1214(a)(3), 1221(e)(1); *Yunus v. Department of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001).

¶7        If an appellant establishes jurisdiction over her IRA appeal, she is entitled to a hearing on the merits of her claim, which she must prove by preponderant evidence. *Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶ 5 (2016). If the appellant makes such a showing, the burden shifts to the agency to prove by

clear and convincing evidence that it would have taken the same action in the absence of the disclosure. *Id.*

¶8    In the remand initial decision, the administrative judge found that the appellant presented nonfrivolous allegations that each of the 6 disclosures or activities at issue was protected. RID at 13-14. He also found that the appellant presented nonfrivolous allegations that each was a contributing factor in her removal through the knowledge/timing test. RID at 14. Therefore, the administrative judge determined that the appellant met her jurisdictional burden for each of the six enumerated disclosures or activities. *Id.* He then turned to the question of whether the appellant met the higher burden of proving the merits of her claim, but found that she did not. The administrative judge concluded that the appellant failed to prove, by preponderant evidence, that she made a protected disclosure or engaged in protected activity.[2] RID at 14-19.

¶9    A protected disclosure is a disclosure of information that the appellant reasonably believes evidences a violation of any law, rule, or regulation, gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety. *Shannon v. Department of Veterans Affairs*, 121 M.S.P.R. 221, ¶ 22 (2014). The proper test for assessing whether a protected disclosure occurred is an objective one: Could a disinterested observer with knowledge of the essential facts known to and readily ascertainable by the employee reasonably conclude that the actions of the

---

[2] The administrative judge further found that, even if the appellant had met her burden of establishing a prima facie case, the agency met its burden of proving that it would have taken the same action in the absence of her disclosures or activities. RID at 19-31. However, as we explained in our remand order, the Board may not proceed to the clear and convincing evidence test unless it has first made a finding that the appellant established her prima facie case. RO, ¶ 14; *see* 5 U.S.C. § 1221(e)(2); *Scoggins v. Department of the Army*, 123 M.S.P.R. 592, ¶ 28 (2016). Accordingly, we must vacate the administrative judge's alternative findings. *See* RID at 19-31.

Government evidence one of the categories of wrongdoing identified in 5 U.S.C. § 2302(b)(8)(A)? *Id*.

¶10    As will be discussed further below, the appellant's petition for review contains very little argument pertaining to her disclosures or activities, i.e., whether they were protected and whether they were a contributing factor in her removal. Moreover, of the limited argument the appellant did present, she generally failed to support it by identifying specific and relevant evidence from the record. *See* 5 C.F.R. § 1201.115(a)(2) (requiring that a petition for review explain why the challenged factual determination is incorrect and identify specific evidence in the record that demonstrates the error); *Tines v. Department of the Air Force*, 56 M.S.P.R. 90, 92 (1992) (explaining that a petition for review must contain sufficient specificity to enable the Board to ascertain whether there is a serious evidentiary challenge justifying a complete review of the record).

*Disclosure 1*

¶11    As described by OSC's predetermination letter and noted in our remand order, disclosure 1 involved the lack of a RESOLVE program, allegedly in violation of the agency's guidelines. RO, ¶ 9; IAF, Tab 27 at 430. The administrative judge found that while the appellant did request the program, which was intended to help inmates deal with trauma that predated their incarceration, the appellant failed to prove that her request was a protected disclosure. RID at 15. In doing so, the administrative judge referenced the email chain in which the appellant apparently made this disclosure. The email chain begins with the appellant making a number of suggestions, including the following: "I believe we are suppose[d] to have a Resolve Program. I have mentioned this for years and to date there has been no program." IAF, Tab 18 at 132-33. The recipient responded by indicating that he also wanted the program, and he had requested it, but there was no timeline yet for receiving it. *Id*. at 132.

¶12     On review, the appellant provides only a brief argument concerning disclosure 1.  She suggests that there was other evidence in support of this being a protected disclosure.  RPFR File, Tab 1 at 8.  However, the appellant failed to identify what that evidence was or where it may be located in the record.  She did reference a document included with her petition, but it is not apparent how that document is of any relevance to the apparent lack of a RESOLVE program. *Compare id.* at 8 (referencing "Exhibit 5-5b"), *with* RPFR File, Tab 2 at 4-6 (an unexplained document identified as Exhibit 5-5b, which appears to be part of a blog posting that describes life as an inmate at the appellant's former facility).

¶13     The appellant also argues that "a disinterested observer would find something wrong with an agency not providing a Trauma Program to female inmates."  RPFR File, Tab 1 at 8.  Even if we agreed that there is "something wrong" with a correctional facility lacking a trauma program, that is not what the appellant disclosed.  The record shows that she discussed the lack of a very specific program, and she has presented no basis for us to conclude that the absence of that particular program reflected a specific type of wrongdoing described in section 2302(b)(8), or that she reasonably believed it was.  Accordingly, we find no basis for reaching a conclusion contrary to the administrative judge.  The appellant has failed to meet her burden of proving that disclosure 1 was protected.

*Disclosure 2*

¶14     As described by OSC's predetermination letter and noted in our remand order, disclosure 2 reportedly involved full-time psychology services being vacated from an agency facility and staff being called into work on an as-needed basis, allegedly to save costs so that the executive staff could receive bonuses.  RO, ¶ 9; IAF, Tab 27 at 430.  The administrative judge found that while the appellant presented testimony alleging that she made a disclosure about this matter, the appellant failed to prove that she had a reasonable belief that the

disclosure described the type of wrongdoing described in section 2302(b)(8). RID at 16.

¶15    On review, the appellant does not appear to present any particularized argument about disclosure 2. She does describe an interaction when she reportedly asked one agency official why her facility lacked funds for drug programs, the official responded by indicating that the agency did have associated funding, the appellant asked where the money was, and the official directed her to another agency official for more information. RPFR File, Tab 1 at 13. The appellant goes on to state that she "was not aware at that time that the managers . . . were giving themselves bonuses with the money." *Id.* However, this interaction does not appear to be the alleged disclosure the appellant discussed below. *Compare id.*, *with* HT at 49-50, 61 (testimony from the appellant, suggesting that she contacted Congress to inform them of a unit that was available but unfilled, possibly to save money and be rewarded with bonuses). Even if it were, the appellant's own description on review demonstrates that she did not disclose any improper use of funding–she merely asked for more information about funding.

¶16    Although the appellant did not present any particularized arguments about the disclosure described in her hearing testimony, we note the following, to bolster the administrative judge's findings. While the appellant reportedly disclosed that a unit was available but unfilled, possibly so that agency officials could save money and be rewarded with bonuses, those allegations are lacking in detail. *See Rzucidlo v. Department of the Army*, 101 M.S.P.R. 616, ¶ 13 (2006) (recognizing that a disclosure must be specific and detailed, not a vague allegation of wrongdoing regarding broad or imprecise matters). She does not appear to present, for example, a persuasive argument that the failure to use this unfilled unit amounted to gross mismanagement or a substantial and specific danger to public health or safety, rather than purely a discretionary policy decision. *See* 5 U.S.C. § 2302(b)(8); *O'Donnell v. Department of Agriculture*,

120 M.S.P.R. 94, ¶ 14 (2013) (holding that an appellant's alleged protected disclosure was "exactly the type of fairly debatable policy dispute that does not constitute gross mismanagement"), *aff'd*, 561 F. App'x 926 (Fed. Cir. 2014).

*Disclosure 3*

¶17     As described by OSC's predetermination letter and noted in our remand order, disclosure 3 reportedly involved an inmate being treated inappropriately by the Chief of Psychology after she alleged she had been threatened by other inmates.  RO, ¶ 9; IAF, Tab 27 at 430.  The administrative judge found that while the appellant presented some testimony alleging that a clinician purposefully misdiagnosed an inmate, she failed to meet her burden of proof because the appellant offered nothing else to support the claim or the alleged disclosure.  RID at 16.

¶18     On review, the appellant disagrees with the administrative judge's findings, once again suggesting that there was additional documentary evidence in support of disclosure 3.  RPFR File, Tab 1 at 8.  However, she has once again failed to identify what that additional evidence might be or where we might find it in the record.  The appellant merely refers to "Exhibit 4," which we assume is a reference to the evidence she attached to her petition, but that evidence consists only of news articles, blog postings, and an advertisement for legal services, none of which appear particularly relevant to the appellant's burden of proof.  RPFR File, Tab 1 at 8, 19, 36-41, Tab 3 at 4-8.

*Disclosure or activity 4*

¶19     As described by OSC's predetermination letter and noted in our remand order, disclosure or activity 4 reportedly involved allegations of discrimination that she raised in 2014 on behalf of herself and others in her role as a union representative, and reprisal for her own EEO complaints.  RO, ¶ 9; IAF, Tab 27 at 430.  The administrative judge found that while the appellant reportedly filed EEO complaints, the substance of those complaints did not seek to remedy

whistleblower reprisal, so they did not constitute protected disclosures or activities for purposes of this IRA appeal. RID at 17; *see, e.g.*, *Edwards v. Department of Labor*, 2022 MSPB 9, ¶ 25 (finding that the Board lacked jurisdiction over the appellant's EEO reprisal claim under 5 U.S.C. § 2302(b)(9)(A)(i) because his EEO complaint sought to remedy Title VII-related matters, not whistleblower reprisal); *cf. Mudd v. Department of Veterans Affairs*, 120 M.S.P.R. 365, ¶ 7 (2013) (recognizing that under the Whistleblower Protection Enhancement Act of 2012, the Board's jurisdiction in IRA appeals was expanded to cover claims of reprisal for EEO complaints in which the appellant sought to remedy whistleblower reprisal).

¶20    On review, the appellant asserts that the administrative judge failed to address her claims of reprisal for assisting a coworker. RPFR File, Tab 1 at 8; *see generally Carney v. Department of Veterans Affairs*, 121 M.S.P.R. 446, ¶¶ 4-6 (2014) (finding that, in the context of an IRA appeal, the Board has jurisdiction over claims of retaliation for lawfully assisting a coworker in a grievance proceeding). But again, the appellant has failed to specifically identify evidence in support of any such activity. Our remand order did recognize that the appellant's correspondence with OSC involved "allegations of discrimination-related issues [the appellant] raised in 2014 on behalf of others and [herself] in [her] role as a union representative." IAF, Tab 27 at 430; RO, ¶ 9. However, we have yet to find a clear articulation of pertinent details, such as when this activity may have occurred, what it involved, and how it may have contributed to the personnel action before us. We also are unable to determine what, if any, pertinent evidence the appellant submitted in support of this activity. The appellant's remand petition refers only to "a prior deposition, emails, etc." RPFR File, Tab 1 at 8. Absent more information, we will not pour through the voluminous record or disturb the administrative judge's findings on disclosure or activity 4. *See* 5 C.F.R. § 1201.115(a)(2); *Tines*, 56 M.S.P.R. at 92.

*Disclosure 5*

¶21      As described by the appellant in response to OSC's predetermination letter and noted in our remand order, disclosure 5 reportedly involved an employee having a degree in philosophy, not psychology, but being permitted to practice on inmates, which was illegal and harmful. RO, ¶ 10; IAF, Tab 27 at 435. The administrative judge found that the appellant made the conclusory assertion that this individual's employment was "against the law," but she offered little else on the matter. RID at 17-18. He further found that, without more, the appellant failed to meet her burden of proving that this was a protected disclosure. *Id*. On review, we are unable to locate any argument about this matter. Therefore, we will not revisit or disturb the administrative judge's conclusion.

*Disclosure 6*

¶22      As described by the appellant in response to OSC's predetermination letter and noted in our remand order, disclosure 6 reportedly involved the agency hiring unlicensed psychologists to practice on inmates. RO, ¶ 10; IAF, Tab 27 at 435. The administrative judge found that while the appellant did make this disclosure, agency officials responded by informing her that licenses were not required. RID at 18-19. He further found that, considering the information readily available to her, a disinterested observer could not have reasonably concluded that this disclosure evidences a violation of any of the categories described in section 2302(b)(8).[3] RID at 19.

¶23      On review, the appellant summarily asserts that a disinterested person would see wrongdoing in the agency's use of unlicensed psychologists. RPFR File, Tab 1 at 7. However, the appellant has not identified any pertinent law,

---

[3] This conclusion is contrary to the administrative judge's prior conclusion about the same disclosure. *Compare* ID at 11-12, *with* RID at 18-19. However, we vacated the entirety of the initial decision, so it was not improper to revisit this disclosure and come to a different conclusion. *See* RO, ¶¶ 13-14.

rule, or regulation concerning the same. The only support she provides is a reference to evidence attached to her petition. RPFR File, Tab 1 at 7, 36-41, Tab 3 at 4-8. But, again, even if we were to consider that evidence, it consists of news articles, blog postings, and an advertisement for legal services, none of which appear relevant to the dispositive question of whether disclosure 6 was protected. Separately, the appellant argues that the agency failed to present any evidence, aside from hearing testimony, to confirm that licenses were not required for the agency's psychologists. RPFR File, Tab 1 at 11. However, it was the appellant's burden of proving that disclosure 6 was protected. *Supra* ¶¶ 6-7. Her conclusory assertion that the use of unlicensed psychologists amounts to wrongdoing does not satisfy that burden.

The appellant's remaining arguments and evidence on review are unavailing.

¶24 We recognize that the appellant attached a significant amount of evidence to her petition, some of which is mentioned above. RPFR File, Tab 1 at 19-41, Tab 2 at 4-35, Tab 3 at 4-11. To the extent that the appellant is attempting to introduce evidence that was not already included in the record below, she has failed to show that it is new and material. Therefore, we will not consider it further. *See Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980) (recognizing that, pursuant to 5 C.F.R. § 1201.115, the Board will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence); *see also Grassell v. Department of Transportation*, 40 M.S.P.R. 554, 564 (1989) (explaining that, to constitute new and material evidence, the information contained in the documents, not just the documents themselves, must have been unavailable despite due diligence when the record closed); *Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980) (recognizing that evidence

is material when it is of sufficient weight to warrant an outcome different from that of the initial decision).[4]

¶25    The appellant also asserts that she lacked access to the hearing recording cited by the administrative judge throughout his decision. RPFR File, Tab 1 at 4. However, the appellant has failed to identify whether or where she noted the same below and requested access. *See id*. Moreover, even if she did lack access to the hearing recording, the appellant has not shown it was consequential, since she did not similarly allege that she lacked access to the hearing transcript. *See* HT.

¶26    Next, we also recognize the appellant's suggestions of bias on the part of the administrative judge. RPFR File, Tab 1 at 4, 10. However, we are not persuaded. *See Bieber v. Department of the Army*, 287 F.3d 1358, 1362-63 (Fed. Cir. 2002) (stating that an administrative judge's conduct during the course of a Board proceeding warrants a new adjudication only if the administrative judge's comments or actions evidence "a deep-seated favoritism or antagonism that would make fair judgment impossible") (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)).

¶27    Finally, we note that the vast majority of the appellant's petition is dedicated to arguments concerning whether her removal was justified, i.e., whether the agency proved by clear and convincing evidence that it would have taken the same action in the absence of her protected activity. *E.g*., RPFR File, Tab 1 at 5-14. However, we cannot address whether the agency met its burden of proof because the appellant failed to first meet hers. *See supra* ¶ 8 n.2. And while the appellant's petition also includes several other assertions of agency

---

[4] For the same reason, we deny the appellant's motions to submit additional evidence obtained while awaiting the instant decision. *See* RPFR File, Tabs 6, 8. According to the appellant, that additional evidence consists of a new memorandum from a Congressional subcommittee regarding employee discipline at the Bureau of Prisons, RPFR File, Tab 6 at 4, and a news article, RPFR File, Tab 8 at 4. However, the appellant has not given us any reason to believe that the information contained within is new and material.

wrongdoing, such as gender discrimination, inadequate discipline of inmates, staff shortages, and inappropriate relationships among employees, *e.g.*, RPFR File, Tab 1 at 14-15, none appear relevant to the limited matters exhausted before OSC and properly before us in this IRA appeal.[5]

## NOTICE OF APPEAL RIGHTS[6]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. [5 C.F.R. § 1201.113](). You may obtain review of this final decision. [5 U.S.C. § 7703](a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. [5 U.S.C. § 7703](b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

[5] We have reviewed the relevant legislation enacted during the pendency of this appeal and have concluded that it does not affect the outcome of the appeal.

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

**(1) <u>Judicial review in general</u>**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you</u>

receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

_____/s/ for_____

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.